UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW WALKER, | ) |
| Plaintiff, | ) Case No._____ |
| v. | ) |
| ICONIX BRAND GROUP, INC., JUSTIN BARNES, F. PETER CUNEO, DREW COHEN, ROBERT C. GALVIN, and JAMES MARCUM, | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| Defendants. | ) JURY TRIAL DEMANDED |

Plaintiff Matthew Walker ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action Iconix Brand Group, Inc. ("Iconix" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"). By the action, Plaintiff seeks to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which Lancer Capital, LLC ("Lancer") will acquire the Company through Iconix Acquisition LLC ("Parent") and Iconix Merger Sub Inc. ("Purchaser") (the "Proposed Transaction").[1]

---

[1] Non-party Lancer is a Delaware limited liability company with its business address located at c/o Woods Oviatt Gilman LLP, 1900 Bausch & Lomb Place, Rochester, New York 14604. Lancer is an investment vehicle wholly owned by Avram Glazer Irrevocable Exempt Trust U/A/D August 22, 2006 (the "Trust"), with Avram Glazer being the sole trustee of the Trust. Non-party Parent is a Delaware limited liability company. Avram Glazer and the Trust are beneficial owners of and

2.      On June 11, 2021, Iconix announced its entry into an Agreement and Plan of Merger (the "Merger Agreement") dated June 11, 2021, to sell Iconix to Lancer. The Merger Agreement provides that Lancer will acquire all outstanding shares of Iconix for $3.15 in cash per share of Iconix common stock (the "Offer Price"). Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on July 2, 2021. The Tender Offer is scheduled to expire at one minute after 11:59 p.m., Eastern time, on July 30, 2021.[2] The Proposed Transaction is valued at approximately $585 million.

3.      Also on June 11, 2021, Lancer and Allianz Global Investors U.S. LLC ("Allianz") executed a note purchase agreement (the "Note Purchase Agreement") pursuant to which Lancer purchased $55.805 million in aggregate principal amount of the Company's 5.75% Convertible Notes due 2023 (the "Convertible Notes") (representing approximately 27.9% of Iconix's outstanding shares as of June 10, 2021 on an as-converted basis), which will be converted prior to completion of the Tender Offer.

4.      On July 2, 2021, Iconix filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that Iconix stockholders tender their shares in favor of the Tender Offer, omits or misrepresents material information essential and critical to the decision whether to approve the Proposed Transaction. Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act.

5.      It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

6.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants

---

control Parent. Non-party Purchaser is a Delaware corporation and wholly-owned subsidiary of Parent. Avram Glazer and the Trust are beneficial owners of and control Parent.

[2] The approximate value of the Proposed Transaction is $585 million.

from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

8.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## PARTIES

10.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Constellation.

11.     Defendant Iconix is a Delaware corporation, with its principal executive offices located at 1450 Broadway, New York, New York 10018.  Iconix owns, licenses and markets a portfolio of consumer brands.  Iconix's common stock is traded on the Nasdaq Global Select Market under the ticker symbol "ICON."

12.     Defendant Justin Barnes ("Barnes") has been a director of the Company since 2018.

13.     Defendant F. Peter Cuneo ("Cuneo") has been Chairman of the Board since January 1, 2019, and a director of the Company since October 2006.  Defendant Cuneo previously served as

Executive Chairman from December 2017 until December 2018, and from April 2016 until December 2016. Defendant Cuneo also served as Interim Chief Executive Officer ("CEO") of the Company from August 2015 until April 2016, and again from June 2018 until October 2018.

14. Defendant Drew Cohen ("Cohen") has been Lead Director since September 2016 and a director of the Company since April 2004. Defendant Cohen also previously served as Lead Director from August 2015 until April 2016.

15. Defendant Robert C. Galvin ("Galvin") has been President, CEO, and a director of the Company since October 2018.

16. Defendant James Marcum ("Marcum") has been a director of the Company since October 2007.

17. Defendants identified in paragraphs 12 to 16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

1. On June 11, 2021, Iconix issued a press release announcing the Proposed Transaction. The press release states, in relevant part:

> NEW YORK, June 11, 2021 -- Iconix Brand Group, Inc. (Nasdaq: ICON) ("Iconix" or the "Company") today announced it has entered into a definitive agreement and plan of merger to be acquired by Iconix Acquisition Corp., an affiliate of Lancer Capital, LLC ("Purchaser"), in an all-cash transaction that values Iconix at approximately $585 million, including net-debt.
>
> "Today's announcement represents the culmination of a year-long examination by our Board of Directors of strategic alternatives for the Company," said Bob Galvin, Chief Executive Officer. "After a thorough and deliberative examination of all potential strategic alternatives, the Board of Directors determined that the transaction with Lancer provides the best value for our stockholders. We expect that Iconix will continue developing its brands and supporting its partners as a private company."

> Upon the terms and subject to the conditions of the agreement, Purchaser will commence a tender offer to acquire all of the outstanding shares of Iconix's common stock for $3.15 per share, in cash. The offer price per share of common stock represents a premium of 28.6% over Iconix's closing share price on June 10, 2021, the last trading day prior to announcement and a premium of approximately 46.5% over the 30-day average volume weighted share price for the period ended June 10, 2021.
>
> Shares not tendered in the offer will be acquired in a second-step merger at the same cash price as paid in the offer. Closing of the transaction is conditioned upon, among other things, satisfaction of a minimum tender condition, clearance under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and other customary closing conditions. Upon completion of the transaction, Iconix will become a private company. Iconix currently expects the transaction to close before the end of the third quarter of 2021.
>
> The Iconix board of directors has unanimously approved the transactions contemplated by the agreement, and determined that the agreement and the transactions contemplated by the agreement, are fair to, and advisable and in the best interests of the Company and its stockholders, and recommends the Company's stockholders tender their shares in the offer.
>
> Ducera Partners is serving as financial advisor, and Dechert LLP is serving as legal counsel to Iconix. The Purchaser is being advised by Latham & Watkins LLP. Purchaser has obtained a debt financing commitment from Silver Point Capital.

**The Recommendation Statement Contains Material Misstatements or Omissions**

28. The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to the Company's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal.

29. Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) Iconix management's financial projections and the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Ducera Partners LLC ("Ducera"); (b) the background of the Proposed Transaction; and (c) Company insiders' potential conflicts of interest.

*Material Omissions Concerning Iconix's Financial Projections and Ducera's Financial Analyses*

28. The Recommendation Statement omits material information regarding the Company's financial projections provided by Iconix's management and relied upon by Ducera for its financial analyses, including the line items underlying Company management's estimated unlevered free cash flows.

29. The also Recommendation Statement fails to disclose Ducera's unlevered free cash flows for the OpCo Assets and the Securitization Assets, as well as the underlying line items, utilized in Ducera's *Discounted Cash Flow Analysis*. *See* Recommendation Statement at 26.

30. The Recommendation Statement also omits material information concerning Ducera's financial analyses.

31. The Recommendation Statement describes Ducera's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Ducera's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Iconix's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Ducera's fairness opinion in determining whether to tender their shares in favor of the Proposed Transaction or seek appraisal.

32. With respect to Ducera's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) the unlevered free cash flows for the OpCo Assets and the Securitization Assets for the second half of fiscal year 2021 and fiscal years 2022 through 2025; (b) the financial metric utilized to derive the terminal values, and quantification thereof; (c) the terminal values; (d) the inputs and assumptions underlying the discount rate ranges of 11.0% to 13.0% and 16.0% to 18.0%; and (e) the projected tax benefits of Iconix's net operating losses.

33. With respect to Ducera's *Public Trading Peers Valuation Analysis* and *Analysis of Precedent Transactions*, the Recommendation Statement fails to disclose Iconix's adjusted EBITDA utilized in the analyses.

34. The omission of this information renders the statements in the "Certain Unaudited Prospective Financial Information" and "Opinion of Iconix's Financial Advisor" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background of the Proposed Transaction***

35. The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

36. According to the Recommendation Statement, "[d]uring July and August 2020, Ducera communicated with 84 potential counterparties, including Party A, and 28 counterparties entered into confidentiality agreements with Iconix." *Id.* at 12. The Recommendation Statement fails to disclose whether the confidentiality agreements entered into with these counterparties, or any other parties involved in the sale process, include "don't-ask, don't-waive" ("DADW") standstill provisions that are still in effect and presently precluding any potential counterparty from submitting a topping bid for the Company.

37. The failure to disclose the existence of DADW provisions creates the false impression that any of the potential bidders who entered into confidentiality agreements could make a superior proposal for the Company. If those confidentiality agreements contain DADW provisions, then those potential bidders can only make a superior proposal by (a) breaching the confidentiality agreement—as in order to make the superior proposal, they would need to ask for a waiver, either directly or indirectly; or by (b) being released from the agreement, which if action has been done, is omitted from the Recommendation Statement.

7

38. Any reasonable Iconix stockholder would deem the fact that the most likely topping bidders for the Company may be precluded from making a topping bid for the Company to significantly alter the total mix of information.

39. The Recommendation Statement also fails to disclose the details of all indications of interest Iconix received in the process leading up to the Proposed Transaction, including, but not limited to, the details of the (a) "nine initial indications of interest [Iconix received] from potential counterparties: two indications to acquire all of Iconix's common stock for cash, five indications for a full company sponsor-backed recapitalization, and two indications to acquire certain assets of Iconix." (*id.* at 12, 13); (b) the five proposals received in the second round of the process; (c) the further revised proposals received from Party E and Party B on October 23 and October 25, 2020; (d) Party E's January 25, 2021 proposal; and (e) Party E's April 2021 revised proposal.

40. The omission of this information renders the statements in the "Background of the Offer and the Merger" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Company Insiders' Potential Conflicts of Interest*

41. The Recommendation Statement further fails to disclose the potential conflicts of interest faced by Company insiders.

42. For example, the Recommendation Statement sets forth:

> To the best knowledge of Iconix, except for certain agreements described in this Schedule 14D-9 between Iconix and its executive officers and directors, no material employment, equity contribution or other agreement, arrangement or understanding between any executive officer or director of Iconix , on the one hand, and Parent, Purchaser or Iconix , on the other hand, exists as of the date of this Schedule 14D-9, and neither the Offer nor the Merger is conditioned upon any executive officer or director of Iconix entering into any such agreement, arrangement or understanding[.]

*Id.* at 10. The Recommendation Statement fails, however, to disclose the details of any employment and retention-related discussions and negotiations that occurred between Lancer and Iconix's

8

executive officers, including who participated in all such communications, when they occurred and their content. The Recommendation Statement further fails to disclose whether any of Lancer's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

43. Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for Iconix's stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

44. The omission of this information renders the statements in the "Other Arrangements" and "Background of the Offer and the Merger" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

45. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Iconix stockholders will be unable to make an informed decision whether to tender their shares in favor of the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

46. Plaintiff repeats all previous allegations as if set forth in full.

47.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Iconix stockholders to tender their shares in the Tender Offer.

48.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

49.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

50.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

51.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Iconix, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

52.     Plaintiff repeats all previous allegations as if set forth in full.

53.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state

all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

54. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

55. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act

56. Plaintiff repeats all previous allegations as if set forth in full.

57. The Individual Defendants acted as controlling persons of Iconix within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Iconix and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

58. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

59. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

60. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

61. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

62. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: June 30, 2021

**LONG LAW, LLC**

By /s/ *Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*